## BROAS vs. MERSEREAU.

A verdict may be taken *after the death* of a *sole* plaintiff, where the death happens on the first
day of the circuit ; the defendant in this case believing that the suit had *abated,* refused to ap-
pear, in consideration whereof, and on producing an affidavit of merits, a new trial was or-
dered on terms imposed by the court.

THE plaintiff died the first day of the circuit ; after which his attorney proceed-
ed at the same circuit and took a verdict, though the death was objected by the
defendant as an *abatement* of the suit. The defendant, relying on the objection,
refused to appear at the trial, and now moves to set aside the verdict. He also
presents an affidavit of merits.

*By the Court,* COWEN, J. The statute, 2 *R. S.* 308, § 4, 2d ed., allows the
entry of judgment within two terms from the verdict, though either party may
die in the intermediate time. The whole time of the circuit relates to the first
day, so that if the party die on any day during the circuit, though before the
trial, this is regarded as a death after verdict, and may be followed by a judg-
ment within the two terms. It is not denied that such would be the law of this
case, were it not for § 5, which forbids the entry of judgment on a verdict *against*
any party who dies before a verdict actually rendered. The verdict here is not
*against* but *in favor of* the party deceased. It is plain, to my mind, that the
statute intended to qualify the old rule of relation no farther than it respected
the party *against* whom the verdict passed, but to leave it entirely operative in a
case like this.

The attorney for the plaintiff may perfect his judgment, and the present [654]
motion must be denied with costs. But the defendant swears to merits. He
did not appear at the circuit, in the belief that the statute had altered the law
in his favor. On paying all costs from the notice of trial to judgment, and the
costs of this motion, he may have a trial ; but the judgment must stand in its pres-
ent form, to avoid the error of a new verdict and judgment upon the record. On
payment, the proceedings to stay till the plaintiff re-tries ; the court to give such
further directions as may be equitable on the coming in of the new postea.
                                                                Rule accordingly.